IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09CV19-02-MU

| | |
|---|---|
| TODD BUCHANAN,                )  |   |
|     Plaintiff,                )  |   |
|                               )  |   |
|     v.                        )  |   |
|                               )  |   |
| SWAIN COUNTY, NORTH CARO-)     |   |
|   LINA;                       )  |   |
| CURTIS COCHRAN;               )  |   |
| VIRGINIA HYATT;               )  |   |
| STEVE CLOER; and              )  |   |
| JACKIE FORTNER,               )  | **O R D E R** |
|     Defendants.               )  |   |
| _____)  |   |

**THIS MATTER** comes before the Court on Defendants Fortner and Cloer's Motion for Severance of Claims, filed March 18, 2009 (Doc. No. 5); Plaintiff's two Motions requesting that his action be held in abeyance, filed March 24 and April 2, 2009 (Doc. Nos. 6 and 9); his two Motions for Mediation, both filed April 2, 2009 (Doc. Nos. 8 and 11); his Motion for Monetary Remedy, filed April 2. 2009 (Doc. No. 10); his three Motions to Amend, filed April 22, 2009, May 14, 2009 and September 22, 2009 (Doc. Nos. 15, 25 and 43); his Motion asserting his right to sue Defendants, filed April 22, 2009 (Doc. No. 16); his Motions seeking a pre-trial conference, filed May 1, 2009 and May 6, 2009 (Doc. Nos. 17 and 19, respectively); his Motion to Proceed in Forma Pauperis, filed July 7, 2009 (Doc. No. 30); his three Motions for Joinder, one

filed July 24, 2009 and the other two filed August 19, 2009 (Doc. Nos. 31, 34 and 35, respectively); and his Motion for Disclosure, filed August 28, 2009 (Doc. No. 38).

The record of this matter reflects that on February 12, 2009, Plaintiff filed a civil action alleging claims of "false arrest and wrongful prosecution" against Defendants in the Superior Court of Swain County. More particularly, Plaintiff alleges that on March 18, 2006, Defendant Fortner (the former Chief Deputy with the Swain County Sheriff's Department) and Defendant Cloer (a former Captain with the Swain County Sheriff's Department) arrested him on a charge of second-degree arson; that such charge was filed "without witnesses, evidence, investigation by the SBI or State Fire Marshall [sic] or any agency,"; and that the charge lacked merit and was dismissed in February 2008.

Concerning Defendant Cochran (Former Sheriff of Swain County) and Defendant Hyatt (former employee of the Sheriff's Office), Plaintiff alleges that more than a year after his first arrest, in May 2007, the two "conspired to bring additional false [unspecified] misdemeanor charges against [him] which caused a revocation of a bond and further wrongful imprisonment"; that the subject misdemeanor charges were "dropped the next day"; and that it took an additional four days and the intervention of an employee from the Mitchell County Sheriff's Department for him to

2

be released from custody. As a result, Plaintiff's Complaint seeks compensatory damages and "nominal damages" from Defendants.

On March 4, 2009, Defendants Fortner and Cloer removed this action to the instant federal Court. The case is now before the undersigned on the above-referenced Motions.

Turning to those Motions, on March 18, 2009, Defendants Fortner and Cloer filed a Motion for Severance (Doc. No. 5) seeking a severance of Plaintiff's claims against them from his claims against Defendants Cochran and Hyatt. In support of their Motion, Defendants Fortner and Cloer argue that they are entitled to be dropped from Plaintiff's action because the claims against them do not arise out of the same transaction or occurrence as the claims against Defendants Cochran and Hyatt. In fact, Fortner and Cloer contend that allegations against them involve an arrest which is separate from the arrest involving Defendants Cochran and Hyatt; that the violations which they allegedly committed occurred more than a full year before the violations which allegedly were committed by Cochran and Hyatt; and that they were not even employed by the Swain County Sheriff's Department when Defendants Cochran and Hyatt allegedly committed their violations against Plaintiff.

Plaintiff has neither filed a response to this Motion; nor have any of the other parties opposed this Motion to Sever.

3

Pursuant to Rule 20, persons may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." A claim arises from the same transaction or occurrence as another claim where the two claims are reasonably related." Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983).

Furthermore, although the Court has not found a case from the Fourth Circuit addressing this precise question, as Defendants have noted, two other district courts have expressly recognized that subsequent arrests by different officers do not "arise out of the same transaction or occurrence." See, e.g., Valdez v. Linder, 2008 WL 5435896 at *7 (D.Mont. 2008) (claims against different defendants over other arrests "do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's original false arrest claim and they lack a question of law or fact common to all defendants"); Tornero v. District of Columbia Parole Bd., 1989 WL 46738 at *1 (D.D.C. 1989) (subsequent arrest did "not involve the same transaction or occurrence as plaintiff's original cause of action"). Thus, Defendants arguments are well taken and their uncontested Motion is proper under Fed. R. Civ. P. 20.

However, Defendants filed the instant Motion on the three-

4

year anniversary of the alleged commission of their offenses. As such, if the Court were to dismiss Plaintiff's claims against them without prejudice he still would be precluded from re-filing such allegations by virtue of the three-year statute of limitations which is applicable herein. Accordingly, the Court will deny Defendants' Motion for Severance without prejudice. Nevertheless, should Defendants choose to do so, within fifteen (15) days of the entry of this Order, they may re-file this Motion along with a document reflecting that they are waiving their rights to raise the statute of limitations as a defense to any new action that Plaintiff may file against them, so long as that action raises the exact claims against them which he is raising herein, and he files that action within six months of the Court's entry of the Order granting their Motion for Severance.

As to Plaintiff's Motions to hold his case in abeyance pending the Court's appointment of counsel and for counsel (Doc. Nos. 6 and 9, respectively), the Court finds that such Motions must be <u>denied</u>. That is, Plaintiff asks the Court to appoint an attorney because he is incarcerated, has limited knowledge and experience to litigate his case in federal Court, is a pauper and entitled to appointed counsel. However, there is no absolute right to appointment of counsel; therefore, a plaintiff must present "exceptional circumstances" in order to require the Court

5

to request an attorney to represent an inmate who is unable to afford counsel.  Miller v. Simmons 814 F.2d 962, 966 (4th Cir. 1987); see also 28 U.S.C. § 1915(e)(1).

Exceptional circumstances may exist where "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989).  Likewise, exceptional circumstances may exist where the pro-se litigant's complaint "present[s] complex legal issues." McEachin v. McGuinnis, 357 F.3d 197, 205 (2d Cir. 2004), quoted in Williams v. Collier, 2009 WL 2171236 *3 (July 22, 2009).

In the instant case, the Court has not concluded either that Plaintiff has a colorable claim which he cannot present, or that his case presents complex legal issues which require the assistance of counsel.  Therefore, Plaintiff's Motions for to Stay and for counsel will be denied.

Plaintiff also filed Motions asking the Court to direct the parties to undergo mediation at a suitable time and location (Doc. Nos. 8 and 11), and to attend a "conference meeting" (Doc. Nos. 17 and 19).  However, the Court finds that Defendants Cochran and Hyatt's Motion for Summary Judgment is well taken and that Plaintiff has not made a strong showing of liability against Defendants Fortner and Cloer.  Accordingly, Plaintiff's Motions

for Mediation and for a Conference will be <u>denied</u>.

Plaintiff filed a Motion for Monetary Remedy (Doc. No. 10) seeking tens of thousands of dollars for the alleged violations noted in his Complaint. However, such Motion is premature as Plaintiff has not prevailed in this action. Therefore, this Motion will be <u>dismissed</u> as moot.

Plaintiff also has filed Motions to Amend his Complaint (Doc. Nos. 15, 25 and 43). Plaintiff's first Motion to Amend seeks to add claims that Defendants Fortner and Cloer subjected him to negligence and violated his Fourth Amendment rights; and that Defendants Cochran and Hyatt willfully and knowingly violated his Eighth and Fourteenth Amendment rights. Plaintiff's second Motion to Amend seeks to add two additional defendants, Michelle Grant and Kathleen Hines, and to allege that these persons "caused him irreparable damages, subjected him to mental anguish, emotional distress, loss of society damages and subject him to cruel [,] unusual punishment . . . , his safety was recklessly endangered and his marriage destroyed. These acts were felonious in nature and included sexual acts, providing illegal prescription medication, and offering assistance in escaping custody and help avoiding capture by supplying places of concealment" to some unidentified person. By his third <u>de facto</u> Motion to Amend (Doc. No. 43), Plaintiff seeks to add claims of

7

negligence and deliberate indifference against the Fire Marshal for Bryson City and Swaim County.

As to the first Motion to Amend, Defendants contend that they understood Plaintiff's original Complaint to allege violations of federal constitutional law, thus the Motion is unnecessary.  However, the Court finds that such Motion does not violate the Rule 15 of the Federal Rules of Civil Procedure.  Therefore, Plaintiff's first Motion to Amend will be <u>granted</u>.

On the other hand, Plaintiff's second and third Motions to Amend must be <u>denied</u>.  Indeed, Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e) or (1), whichever is earlier."  If a party seeks to amend its pleadings in all other cases, it may do so with the opposing party's written consent or leave of court.  Leave should be freely granted when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment    . . . ."  <u>Foman v. Davis</u>,

371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). However, when a plaintiff seeks to add new parties, the aforementioned requirements of Rule 20 of the Federal Rules of Civil Procedure must be met.

Here, Plaintiff's second and third Motions to Amend are seeking to add additional defendants and claims but those claims do not arise out of the same transaction or occurrence; nor do they raise issues common to all defendants. Therefore, Plaintiff's second and third Motions to Amend (Doc. Nos. 25 and 43) will be denied.

Similarly, Plaintiff is seeking to add several additional claims alleging "negligence in hiring, retaining, supervising, training and disciplining employees, negligence in performance of duties and malicious prosecution" (Doc. 31). However, such broad allegations are being proposed more than three years after this action was initiated without explanation or excuse. Consequently, this Motion also will be denied.

Plaintiff has filed two Motions for Joinder (Doc. Nos. 34 and 35) asking the Court to join Swain County as a defendant and to name former Sheriff Bob Ogle as a defendant. Defendants oppose the Motions explaining that although Plaintiff originally

9

named the County as a defendant, he never effectuated service of process on that entity and any attempt to resurrect this action against the County would be barred by the applicable three-year statute of limitations. Furthermore, Defendants argue that it would be futile, at least to some degree, to allow Plaintiff to add the County as a Defendant because, as this Court previously determined, counties are not liable for the conduct of deputy sheriffs. See Little v. Smith, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000) (county cannot be sued for sheriff's deputies' alleged use of excessive force). Defendants last contend that any potential allegations against Bob Ogle, who was Sheriff when the March 2006 incident allegedly occurred, also would be time-barred.

Once again, Defendants arguments are well taken. That is, the Court finds that Plaintiff's inexplicable failure to timely serve Swain County with process, and the facts that the County cannot be held liable for the deputy sheriffs' actions and any claims against the County or Bob Ogle would be barred by the applicable statute of limitations all tend to show that the instant Motions (Doc. Nos. 34 and 35) must be denied.

Plaintiff also has filed a Motion asserting that he has the right to sue Defendants Fortner, Cloer, Hyatt and Cochran (Doc. No. 16). However, inasmuch as that Motion does not seek any specific relief, the same will be dismissed as moot.

Plaintiff has filed a Motion to proceed in this Court without having to prepay the fees and costs associated with such action (Doc. No. 30). However, this case was removed by Defendants and the filing fee also was paid by them. Therefore, this Motion will be <u>dismissed</u> as moot.

Finally, Plaintiff has filed a Motion for Disclosure (Doc. No. 38), seeking copies of the grand jury minutes from his 2006 arson indictment, and copies of the personnel records for Defendants Fortner, Cloer, Cochran and Hyatt. However, Defendants contend that the subject minutes are not kept by the Sheriff's Department, but by the Clerk of the Superior Court for Swain County. Furthermore, the Court observes that Plaintiff has failed to credibly allege that Defendants engaged in conduct which could invalidate the grand jury's decision to issue a true bill.

As to the other portion of Plaintiff's Motion, the Court finds that he has failed to establish that his request for such personnel records is justified and warranted. Accordingly, this Motion will be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants Fortner and Cloer's Motion for Severance (Doc. No. 5) is **DENIED without prejudice** to their right to re-file such Motion along with a document reflecting that they are waiving their rights to raise the statute of limitations as a defense to any new action that Plaintiff may file against them, so long as that action raises the exact claims against them which he is raising herein, and he files that action within six months of the Court's entry of the Order granting their Motion for Severance.

2. Plaintiff's two Motions requesting that his action be held in abeyance (Doc. Nos. 6 and 9) are **DENIED**.

3. Plaintiff's two Motions for Mediation (Doc. Nos. 8 and 11) are **DENIED**.

4. Plaintiff's Motion for Monetary Remedy (Doc. No. 10) is **DISMISSED as moot.**

5. Plaintiff's three Motions to Amend (Doc. Nos. 15, 25 and 43) are **DENIED**.

6. Plaintiff's Motion asserting his right to sue Defendants (Doc. No. 16) is **DISMISSED as moot.**

7. Plaintiff's Motions seeking a pre-trial conference (Doc. Nos. 17 and 19) are **DENIED**.

8. Plaintiff's Motion to Proceed in <u>Forma Pauperis</u> (Doc.

No. 30) is **DISMISSED as moot.**

9. Plaintiff's three Motions for Joinder (Doc. Nos. 31, 34 and 35) all are **DENIED.**

10. Plaintiff's Motion for Disclosure (Doc. No. 38) is **DENIED.**

11. Swain County, which has never been served with process in this action, will be removed from the caption of this case.

**SO ORDERED.**

Signed: August 12, 2010

Graham C. Mullen
United States District Judge