```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    BRYSON CITY DIVISION
                       2:09CV19-02-MU
```

TODD BUCHANAN,            )
    Plaintiff,           )
                            )
    v.                   )
                             )     **O R D E R**
CURTIS COCHRAN;           )
VIRGINIA HYATT;           )
STEVE CLOER; and          )
JACKIE FORTNER,           )
    Defendants.          )
_____)

**THIS MATTER** comes before the Court on Defendants Fortner and Cloer's renewed Motion for Severance of Claims, filed August 13, 2010 (Doc. No. 67).

A more detailed factual recitation was set out in the Court's Order of August 12, 2010 (Doc. No. 66). Pertinent here, Plaintiff has filed a Complaint challenging the propriety of two separate arrests, the first of which having occurred on March 18, 2006 at the hands of Defendant Fortner (the former Chief Deputy with the Swain County Sheriff's Department) and Defendant Cloer (a former Captain with the Swain County Sheriff's Department).

On March 18, 2009, Defendants Fortner and Cloer filed a Motion for Severance (Doc. No. 5) seeking a severance of Plaintiff's claims against them from his claims against Defendants Cochran and Hyatt. Such Motion argued that Fortner and Cloer are

entitled to be dropped from Plaintiff's action because the claims against them do not arise out of the same transaction or occurrence as the claims against Defendants Cochran and Hyatt.  In fact, Fortner and Cloer contended that allegations against them involve an arrest which is separate from the arrest involving Defendants Cochran and Hyatt; that the violations which they allegedly committed occurred more than a full year before the violations which allegedly were committed by Cochran and Hyatt; and that they were not even employed by the Swain County Sheriff's Department when Defendants Cochran and Hyatt allegedly committed their violations against Plaintiff.

As the Court's earlier Order noted, Plaintiff neither filed a response to that Motion; nor have any of the other parties opposed said Motion.  Furthermore, the Court's earlier Order observed that Defendants' arguments were appropriate under Rule 20 of the Federal Rules of Civil Procedure.  Moreover, the Court noted that although it hd not found a case from the Fourth Circuit addressing this precise question, two other district courts have expressly recognized that subsequent arrests by different officers do not "arise out of the same transaction or occurrence." See, e.g., Valdez v. Linder, 2008 WL 5435896 at *7 (D.Mont. 2008) (claims against different defendants over other arrests "do not arise out of the same transaction, occurrence, or series of

2

transactions or occurrences as Plaintiff's original false arrest claim and they lack a question of law or fact common to all defendants"); Tornero v. District of Columbia Parole Bd., 1989 WL 46738 at *1 (D.D.C. 1989) (subsequent arrest did "not involve the same transaction or occurrence as plaintiff's original cause of action.").

Ultimately, however, the Court noted that Defendants had filed their Motion to Sever on the three-year anniversary of the alleged commission of their offenses; and that even if the Court were to dismiss Plaintiff's claims against them, without prejudice, he still would be precluded from re-filing such allegations by virtue of the three-year statute of limitations which is applicable herein. Accordingly, the Court denied the Motion. However, the Court advised Defendants that they could renew their request if they also filed a document reflecting that they would waive their rights to raise the statute of limitations as a defense to any new action that Plaintiff may file against them, so long as that action raises the exact claims against them which he is raising herein, and he files that action within six months of the Court's entry of the Order granting their Motion for Severance.

Defendants have now filed the instant renewed Motion (Doc. No. 67) along with their Notice of limited waiver (Doc. No. 68),

3

expressly waiving their rights to raise the statute of limitations in defense to a new, separate action brought against them by Plaintiff, provided that such action raises the same claims as Plaintiff now is alleging, and is filed within six-months of the instant Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants Fortner and Cloer's renewed Motion for Severance (Doc. No. 67) is **GRANTED**;

2. Defendants Fortner and Cloer are **DISMISSED** from this action, and their names hereafter shall be removed from the caption of this case;

3. Should Plaintiff choose to re-file his claims against Defendants Fortner and Cloer, he must do so within six months of the entry of this Order;

4. Such claims shall be identical to the allegations which Plaintiff now has pending against these two Defendants;

5. **Any such new Complaint which Plaintiff may file will be subject to summary dismissal if it does not strictly comply with the terms of this Order;** and

6. The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**SO ORDERED.**

Signed: August 16, 2010

Graham C. Mullen
United States District Judge