# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cv19-RJC

| | |
|---|---|
| TODD BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| CURTIS COCHRAN, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the following motions:

(1)  Plaintiff's Motion to Waive Service (Doc. No. 44);

(2)  Plaintiff's Motion to Compel and Request for Sanctions against Defendants Cochran and Hyatt (Doc. No. 47);

(3)  Plaintiff's Motion for Change of Venue (Doc. No. 50);

(4)  Plaintiff's request for Subpoena duces tecum (Doc. No. 51);

(5)  Plaintiff's request to Compel Defendant Cochran to Answer and Produce Related Documents (Doc. No. 56);

(6)  Plaintiff's Request for Continuance to Conduct Further Discovery (Doc. No. 61); and

(7)  Plaintiff's Motion to Strike Summary Judgment Evidence as Inadmissible (Doc. No. 63).

On February 12, 2009, Plaintiff filed a civil action in the Superior Court of Swain County alleging that Swain County, "by and through its agents and the Swain County Sheriff's Office," had falsely arrested and wrongfully imprisoned him for a period of 13 months. . . ." (Doc. 1-1 at

4). More particularly, Plaintiff alleges that in March 2006, he was arrested on second-degree arson charges by Steve Cloer and Jackie Fortner,[1] who formerly were employed as a captain and a chief deputy, respectively, by the Swain County Sheriff's Office; and that such charges ultimately were dismissed in February 2008. (Id. at 3). Plaintiff further alleges that prior to the dismissal of said charges, in May 2007, Sheriff Curtis Cochran and former deputy Virginia Hyatt conspired to bring "additional false misdemeanor charges" against him, thereby causing the revocation of his bond for the arson charges, his subsequent arrest, and his "wrongful imprisonment." (Id.). Plaintiff further alleges that the 2007 charges were dismissed on the day following his arrest but that he was not released from custody until four days later when "another county law enforcement agency intervened on [his] behalf." (Id. at 4). As a result, Plaintiff seeks in excess of $10,000 in damages. (Id.).

On March 4, 2009, this action was removed to federal court by former Defendants Cloer and Fortner. (Doc. No. 1). On April 9, 2009, Defendants Cochran and Hyatt filed an Answer denying the material allegations set forth in Plaintiff's Complaint. (Doc. No. 13).

---

[1] On March 18, 2009, Steve Cloer and Jackie Fortner filed a Motion for Severance seeking to sever the claims against them, concerning Plaintiff's March 2006 arrest, from his claims against Defendants Cochran and Hyatt involving Plaintiff's July 2007 arrest. (Doc. No. 5). Cloer and Fortner argued that the allegations against them did not arise out of the same transaction or occurrence as the allegations against Defendants Cochran and Hyatt. (Id. at 2-4). Neither Plaintiff nor Defendants Cochran and Hyatt opposed the Motion for Severance. Nevertheless, on August 16, 2010, the Court entered an Order noting its agreement with Cloer and Fortner's argument that the claims were unrelated, but denying the Motion for Severance because granting it would have resulted in Plaintiff's being foreclosed from re-filing his claims against Cloer and Fortner by the applicable three-year statute of limitations. (Doc. No. 66 at 4-5). Thus, the Court advised Cloer and Fortner that they could renew their motion for severance if they would agree to a limited waiver of the statute of limitations in order to allow Plaintiff an opportunity to file a new complaint against them based exclusively on the March 2006 arrest. (Id. at 5). On August 13, 2010, Cloer and Fortner filed a Motion for Severance (Doc. No. 67) along with a Limited Waiver of Statute of Limitations (Doc. No. 68). By the latter document, Cloer and Fortner waived their right to raise the statute of limitations as a defense to a newly filed complaint alleging the same allegations as were made against them in the instant Complaint, so long as such new complaint was filed within six months of the entry of the order granting their renewed Motion for Severance (Id.). Thus, on August 16, 2010, the Court entered an Order granting the renewed Motion for Severance, thereby dismissing Cloer and Fortner along with the allegations against them. (Doc. No. 69).

Thereafter, Plaintiff filed numerous motions, most of which already have been ruled on by the Court. Regarding the matters which now are pending, the record reflects that on September 22, 2009, Plaintiff filed a Motion to Waive Service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (Doc. No. 44). Presumably, such Motion was made in connection with Plaintiff's Motion for Joinder of several additional parties. (Doc. No. 43). However, inasmuch as the Motion for Joinder was denied (Doc. No. 66), Plaintiff's Motion to Waive Service (Doc. No. 44) will be dismissed as moot.

**I.     Motion to Compel and Request for Sanctions**

On October 9, 2009, Plaintiff filed a Motion to Compel and Request for Sanctions against Defendants Cochran and Hyatt. (Doc. No. 47). Such Motion complains that Defendant Hyatt made a false statement in response to one of his interrogatories concerning the warrant for Plaintiff's July 2007 arrest; that Defendant Cochran failed to produce a copy of the warrant that was issued for said arrest; that Defendants' objections to the breadth of some of his interrogatories are insufficient to justify their refusal to answer his questions; and that Defendants' answers were not certified as true nor signed by them as required under the Federal Rules of Civil Procedure. (Id. at 2-3).

On October 26, 2009, Defendants filed a Response in Opposition to Plaintiff's Motion to Compel and Request for Sanctions. (Doc. No. 48). Defendants contend that the Motion should be denied for several reasons, including Plaintiff's failure to certify to the Court that he, in good faith, has conferred or attempted to confer with Defendants in an effort to obtain disclosure without court action and sanctions as required under Rule 37 of the Federal Rules of Civil Procedure. (Id. at 2-3). However, Defendants concede that they failed to sign or otherwise to

3

verify their interrogatory answers, and promised to promptly supply such verification pages to Plaintiff. (Id. at 5). Plaintiff has made no reply to Defendants' Response.

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides, in part, that "[o]n notice to other parties . . . a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Court has reviewed Plaintiff's Motion and determined that it does not contain the certification required under Rule 37(a)(1). Accordingly, Plaintiff's Motion to Compel and Request for Sanctions (Doc. No. 47) will be denied.

## II. Motion Requesting Change of Venue

On October 20, 2009, Plaintiff filed a Motion Requesting Change of Venue. (Doc. No. 50). Such Motion asks the Court to transfer Plaintiff's case from its Bryson City Division to its Asheville Division on the grounds that (1) Asheville is Plaintiff's "home district"; (2) Asheville is the district in which he intended for his case to be handled; and (3) he would be concerned for his safety in the event he had to be housed at the Swain County Jail for a trial in Bryson City. (Id. at 1-2).

On November 6, 2009, Defendants filed a Response (Doc. No. 52), arguing that Plaintiff was the one who originally filed his case in the Superior Court of Swain County. (Id. at 2). Thus, Defendants contend that had Plaintiff's case not been removed to federal court, this matter would be tried in Bryson City, North Carolina – the county seat for Swain County. (Id.). Defendants further point to multiple factors on which this Court previously has relied in ruling on motions to transfer cases between divisions, and they argue that Plaintiff has failed to establish that any such factor favors him. (Id. at 2-3). Last, Defendants assert that because three

4

of the four persons who initially were served as defendants no longer work for the Swain County Sheriff's Office, Plaintiff's reported concerns for his safety are baseless. (Id. at 4).

On November 20, 2009, Plaintiff filed a Reply (Doc. No. 54) to Defendants' Response. Plaintiff therein concedes his error in asserting that he filed this action in Asheville. (Id. at 2). However, Plaintiff maintains that Defendant Cochran's conduct in connection with a tangential matter justifies his continued concern for his safety. (Id.).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such provision gives discretion to the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Of the 11 case-specific factors which this Court typically weighs in addressing a motion for a change of venue, the following are relevant here: (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; and (9) the administrative difficulties of court congestion. Nutrition & Fitness, Inc., v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 362 (W.D.N.C. 2003). "[T]he party requesting transfer carries the burden of making out a strong case for transfer." N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).

The United States Courthouse in Bryson City, North Carolina, is approximately sixty-four miles away from the United States Courthouse in Asheville, North Carolina. Both

Courthouses are located within the Western District of North Carolina and, therefore, are under the Court's authority. Therefore, the Court must simply decide whether Plaintiff has established that convenience and fairness warrant moving this case a mere sixty-four miles.

As to the relevant factors, the record reflects that Plaintiff originally filed this case in the Superior Court of Swain County. Because Bryson City is the county seat for Swain County, this factor does not favor a transfer. Likewise, because the arrest warrant was issued by a state magistrate in Swain County, Plaintiff's 2007 arrest involved one or more employees of the Swain County Sheriff's Office, and he was detained at the Swain County Jail, the Court finds that the factors relating to ease of access to proof and possibility of a view also disfavor a transfer.

Because both courthouses are located within this District, the Court finds that the factors relating to the availability of compulsory process for witnesses and the enforceability of a judgment neither favor nor disfavor a transfer. Moreover, because the two courthouses are only sixty-four miles apart and are sufficiently staffed, the factors relating to advantages and obstacles to a fair trial, and practical considerations and administrative difficulties neither favor nor disfavor a transfer.

However, after his release from prison, Plaintiff filed a document advising that his new mailing address is a post office box in Penrose, North Carolina. (Doc. No. 64). Penrose is located in Transylvania County, which County is part of the Court's Asheville Division. Furthermore, because the state court issued process for Defendants, the record before this Court is silent concerning the location of their residences. Therefore, based upon the available information, the Court finds that the factor relating to the residence of the parties favors transfer.

Ultimately, however, because this single factor is outweighed by the other factors that disfavor a transfer, Plaintiff's Motion for Change of Venue (Doc. No. 50) will be denied.

**III.     Motion Requesting Subpoenas Duces Tecum**

On October 29, 2009, Plaintiff filed a motion requesting subpoenas duces tecum under Rule 45 of the Federal Rules of Civil Procedure (Doc. No. 51), seeking a wide range of documents from Defendant Cochran, the Clerk of the Superior Court of Swain County, the Swain County Fire Marshal, and the Swain County Sheriff's Office/Jail. Among other materials, Plaintiff asks the Court to direct Defendant Cochran to produce Cochran's medical records and a certified copy of Cochran's "personal physician's diagnosis concerning [Cochran's] mental health. (Id. at 2).[2]

Defendant Cochran is a party to this action. This Court previously has stated that the proper way for obtaining production of documents from a party is by a motion to compel, not a motion for a subpoena duces tecum. Joiner v. Choicepoint Servs., Inc., 2006 WL 2669370, at *5 (W.D.N.C. Sept. 15, 2006). Therefore, the portion of Plaintiff's motion relating to Defendant Cochran must be evaluated under Rule 37 of the Federal Rules of Civil Procedure. As was already stated, however, a motion to compel requires certification that the movant has, in good faith, conferred or attempted to confer with his opponent in an effort to obtain the desired information without court action. Fed. R. Civ. P. 37(a)(1). Plaintiff's motion contains no such certification; therefore, the motion will be denied as to Defendant Cochran.

As to Plaintiff's request regarding the Swain County Superior Court, even assuming that the Court has the authority to entertain Plaintiff's motion for an order directing that court to

---

[2] Mr. Cloer and Mr. Fortner who, at the time, were still a part of this litigation, filed a combined response in opposition to Plaintiff's motion for subpoenas. (Doc. No. 53). However, Defendants Cochran and Hyatt have not responded to said motion.

disclose a copy of the grand jury minutes and a list of the jurors who returned indictments against Plaintiff, the Court still must deny this motion because Plaintiff has failed to demonstrate a particularized need for the subject information. See Shell v. Wall, 760 F. Supp. 545, 546-47 (W.D.N.C. 1991) (questioning a district court's authority to order a State court to produce grand jury transcripts; ultimately denying the motion for movant's failure to show a particularized need as required under the relevant Supreme Court test). The Supreme Court has stated that the party requesting disclosure must make a "strong showing of a particularized need for grand jury materials before any disclosure will be permitted." United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983). Specifically, the movant must show that "(1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials." United States v. Moussaoui, 483 F.3d 220, 235 (4th Cir. 2007) (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979) (announcing the particularized need standard)). This showing must be made even when the grand jury whose transcripts are sought has completed its operations, as "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." Douglas Oil Co., 441 U.S. at 222. Plaintiff has failed to show a particularized need for the subject grand jury materials. Therefore, this portion of his motion for subpoenas duces tecum also will be denied.

Concerning the balance of Plaintiff's motion, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action." Under this Rule,

relevant information is defined as information, even if not admissible at trial, that reasonably appears to be calculated to lead to the discovery of admissible evidence.  Id.

Plaintiff's motion asks the Court to direct the Clerk of the Superior Court of Swain County to produce all warrants and indictments for Plaintiff's felony or misdemeanor charges, along with documents reflecting the final disposition of such warrants and indictments, the investigative file concerning his 2006 arson charge, and copies of all warrants sworn out against Michelle Grant, along with documents reflecting the final disposition of those charges.  (Doc. No. 51 at 1-2).  Plaintiff also asks the Court to direct the Swain County Sheriff's Office/Jail to produce any documents "concerning the plaintiff [] during the time of his incarceration in Swain County."  (Id. at 2).  Last, the motion asks the Court to direct the Swain County/Bryson City Fire Marshal to produce the investigative file for the arson underlying his 2006 arrest, and all documents that were given to any agency concerning that investigation and related findings.  (Id.).

However, the allegations now before the Court center on Plaintiff's 2007 arrest for communicating threats and his corresponding period of detention.  This action does not concern Plaintiff's 2006 arrest for arson charges.  Nor does this action concern "Michelle Grant."  Therefore, the majority of the information that Plaintiff has requested is irrelevant to the claims or defenses that are now before the Court.  Bridges v. Murray, 2009 WL 1405519 * 2 (W.D.N.C. May 18, 2009) (noting that the discovery rules have been substantially narrowed to "focus[] discovery on the actual claims and defenses at issue in the case").  Moreover, Plaintiff has not articulated any basis for the Court to conclude that such information is reasonably calculated to lead to the discovery of relevant evidence.

Therefore, Plaintiff's motion for subpoenas duces tecum will be granted for the Swain County Clerk of Court and the Swain County Sheriff's Office/Jail, but only as to his request for the production of documents relating to his 2007 arrest and detention. The Court will deny the motion as to the balance of Plaintiff's request.

### IV.     Motion to Compel (December 4, 2009)

On December 4, 2009, Plaintiff filed another Motion to Compel (Doc. No. 56) seeking further responses to his discovery requests under Rule 34(b). However, like his earlier Motion to Compel (Doc. No. 47), this Motion also does not contain the necessary certification from Plaintiff as required under Rule 37. Therefore, this second Motion to Compel (Doc. No. 56) will be denied.

### V.      Motion for Continuance

On April 9, 2010, Plaintiff filed a motion for a continuance to conduct further discovery. (Doc. No. 61). Such motion asks the Court to continue this case until after Plaintiff's anticipated release from custody. (Id.). Since the time that Plaintiff filed this motion, the Court has not made any dispositive rulings in this case. In addition, on May 12, 2010, Plaintiff filed a document reporting his new mailing address in Penrose, North Carolina, thereby indicating his release from prison. (Doc. No. 64). Therefore, this motion for a continuance will be dismissed as moot.

### VI.     Motion to Strike

On April 9, 2010, Plaintiff also filed a Motion to Strike Defendants' Summary Judgment Evidence as Inadmissible. (Doc. No. 63). Specifically, Plaintiff cites to the case of Jones v. Owens Corning Fiberglass Corp.. 69 F.3d 712, 718 (4th Cir. 1995), and asks that "all material in documents 57 and 58 that could be considered as evidence be suppressed and excluded from

use." (Id. at 1). However, Plaintiff has set forth no basis for striking Defendants' Affidavits or exhibits. Nor are the facts of this case similar to the facts in Jones. Therefore, Plaintiff's Motion to Strike (Doc. No. 63) will be denied.

**IT IS, THEREFORE, ORDERED that:**

(1) Plaintiff's Motion to Waive Service (Doc. No. 44) is **DISMISSED as moot**.

(2) Plaintiff's Motion to Compel and Request for Sanctions against Defendants , but Cochran and Hyatt (Doc. No. 47) is **DENIED**.

(3) Plaintiff's Motion Requesting Change of Venue (Doc. No. 50) is **DENIED**.

(4) Plaintiff's request for subpoenas duces tecum (Doc. No. 51) is **GRANTED in part and DENIED in part**. That is, the motion is **GRANTED** in that the Clerk shall issue subpoenas to the Clerk of the Superior Court of Swain County and the Swain County Sheriff's Office. Upon receipt of those subpoenas, the Clerk of the Superior Court of Swain County and the Swain County Sheriff shall locate any warrant and indictment relating to Plaintiff's July 2007 arrest for communicating threats, any other document reflecting the disposition of such charge, and any document relating to Plaintiff's detention at the Swain County Jail in connection with said arrest. After locating such documents, and no later than thirty (30) days from the date of this Order, each agency shall advise Plaintiff of the cost of copying those documents. Within sixty (60) days of his receipt of that information, Plaintiff shall remit his payment for the cost of the copies to each agency, and each agency shall, in exchange, provide Plaintiff with the copied materials. The motion is **DENIED** as to the balance of Plaintiff's request.

(5) Plaintiff's request to Compel Defendant Cochran to Answer and Produce Related Documents (Doc. No. 56) is **DENIED**.

(6) Plaintiff's Request for Continuance to Conduct Further Discovery (Doc. No. 61) is **DISMISSED as moot**.

(7) Plaintiff's Motion to Strike Summary Judgment Evidence as Inadmissible (Doc. No. 63) is **DENIED**.

**SO ORDERED.**

Signed: March 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge