**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:09-cv-19-RJC**

| | |
|---|---|
| **TODD BUCHANAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )      <u>**ORDER**</u> |
| **v.** | ) |
| | ) |
| **CURTIS COCHRAN and VIRGINIA** | ) |
| **HYATT,** | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** comes before the Court on a motion for summary judgment by

Defendants Curtis Cochran ("Cochran") and Virginia Hyatt ("Hyatt") (together, "Defendants"),

(Doc. No. 57), filed on March 23, 2010.

## I. BACKGROUND

This is an action brought by pro se Plaintiff Todd Buchanan ("Plaintiff") for wrongful

arrest and wrongful imprisonment. Pertinent to this action,[1] Plaintiff alleges that in May 2007,

Cochran (former Sheriff of Swain County) and Hyatt (former employee of the Swain County

Sheriff's Office) "conspired to bring additional false misdemeanor charges against [him] which

caused a revocation of a bond and further wrongful imprisonment;" that the subject

misdemeanor charges were "dropped the next day;" and that it took an additional four days and

the intervention of an employee from the Mitchell County Sheriff's Department for him to be

released from custody. (<u>Id.</u>). Plaintiff's Complaint seeks compensatory damages and "nominal

damages" from Defendants. (<u>Id.</u>).

---

[1] On August 16, 2010, the Court entered an Order granting a motion to sever defendants
Fortner and Cloer from this action, and Fortner and Cloer were subsequently dismissed from the
instant action. (Doc. No. 69).

On July 31, 2000, an arrest warrant was issued against Plaintiff in Mitchell County, North Carolina, stemming from an April 25, 2000, felonious assault inflicting serious bodily injury in violation of N.C. GEN. STAT. § 14-32.4. (Doc. No. 58-1: Mitchell County Order for Arrest). Specifically, Plaintiff "struck [the victim] rendering him defenseless based on the first blows, and, subsequent to that, was attempted to be pulled off by another individual, went back and stomped on [the victim's] head at that point." (Doc. No. 58-2 at 18: Transcript of Guilty Plea Proceeding). Plaintiff's attack fractured the victim's skull and caused a traumatic brain injury. (Id. at 18-19). Instead of appearing in court to face the charges against him, Plaintiff fled to Swain County, which resulted in a felonious failure to appear charge. (Id. at 19-20).

On May 10, 2007, Hyatt was traveling with Swain County's Chief Jailer Tonya Stephens ("Stephens") and Chief Deputy Cindy Jenkins to Macon County, North Carolina to attend a re-certification training program. (Id. at 2). While the group was on its way to the training program, Plaintiff called Stephens' cell phone. Stephens answered her cell phone using the speakerphone feature, and Plaintiff began berating Stephens. (Id.). Hyatt took the cell phone and told Plaintiff not to call the number again. In response, Plaintiff stated to Hyatt, "I will kick your ass you goddamned big bull dyke." (Id.). In response, Hyatt ended the phone call.

Because she was aware of the previous assault in Mitchell County, Hyatt secured a warrant for Plaintiff's arrest from a Magistrate Judge on May 16, 2007. (Doc. No. 58-10: May 16, 2007 Warrant for Arrest). In issuing the arrest warrant, the Magistrate Judge concluded that he had probable cause to believe that Plaintiff "unlawfully and willfully did threaten to physically injure the person of VIRGINIA HYATT . . . and the threat was made in a manner and under circumstances which would cause a reasonable person to believe that the threat was likely to be carried out." (Id.). Pursuant to the warrant, a Swain County deputy arrested Plaintiff on

July 17, 2007.

Plaintiff spent two days in jail as a result of the arrest for threatening Hyatt. Hyatt subsequently spoke with Assistant District Attorney Jason Smith ("Smith") regarding the charge against Plaintiff. (Doc. No. 58-9 at 2: Affidavit of Virginia Hyatt). Specifically, the two discussed "the fact that [Plaintiff] was wanted in Mitchell County in connection with an April 2000 criminal charge of assault inflicting serious bodily injury and January 2002 criminal charge of felonious failure to appear." (Id.). Because they feared that Plaintiff may be released from jail on bond and flee again, Hyatt and Smith agreed to dismiss the communicating threats charge and transfer Plaintiff into the custody of the Mitchell County Sheriff's Office. (Id.).

On July 19, 2007, Plaintiff was released into the custody of the Mitchell County Sheriff's Office. On August 20, 2007, he appeared before the Honorable Judge Philip C. Ginn in Mitchell County Superior Court, where he pled guilty to one count of assault inflicting serious bodily injury and one count of felonious failure to appear. (Doc. No. 58-2 at 15: Guilty Plea Transcript). In exchange for Plaintiff's guilty plea, Mitchell County agreed to dismiss certain other claims and not to seek to elevate Plaintiff's sentence to the status of habitual felon. (Id. at 15-16). The court then ordered that Plaintiff be confined to the North Carolina Department of Corrections for 25-30 months for the assault charge and for 8-10 months for the failure to appear charge. (Id. at 27). On March 6, 2008, the Swain County District Attorney dismissed the communicating threats charges against Plaintiff. Based on these facts, Plaintiff filed the pending claims against Defendants.

## II.     STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

3

R. Civ. P. 56(a).  A factual dispute is genuine "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A fact is material only if it might affect the outcome of the suit under governing

law.  Id.

The movant has the "initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party.  The

nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."

Id. at 322 n.3.  The nonmoving party may not rely upon mere allegations or denials of

allegations in his pleadings to defeat a motion for summary judgment.  Id. at 324.  The

nonmoving party must present sufficient evidence from which "a reasonable jury could return a

verdict for the nonmoving party."  Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v.

Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any

inferences from the evidence in the light most favorable to the nonmoving party.  Anderson, 477

U.S. at 255.  "'Where the record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, there is no genuine issue for trial.'"  Ricci v. DeStefano, 129 S.Ct. 2658,

2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III.    ANALYSIS

Plaintiff brings claims against Cochran and Hyatt for false arrest and wrongful

imprisonment.  In an action for false arrest, the plaintiff bears the burden of proving that his

arrest was not supported by probable cause.  Wilkerson v. Hester, 114 F. Supp. 2d 446, 450

(W.D.N.C. 2000).  "If the Plaintiff does not show that probable cause was lacking, summary

judgment in favor of the officer is appropriate."  Id.  Probable cause exists if, at the moment of

the arrest, "the facts and circumstances within the [officer's] knowledge and of which [the

officer] had reasonably trustworthy information were sufficient to warrant a prudent man in

believing that the petitioner had committed or was committing an offense."  Beck v. Ohio, 379

U.S. 89, 91 (1964).  The ultimate question of whether probable cause existed at the time of the

arrest is a question of law for the Court.  Wilkerson, 114 F. Supp. 2d at 456.

Plaintiff was arrested for communicating threats on July 17, 2007, pursuant to an arrest

warrant secured by Hyatt.  Plaintiff has failed to demonstrate that there was a lack of probable

cause for his arrest.  N.C. GEN. STAT. § 14–277.1(a) (2009) provides the requisite elements for a

conviction of communicating threats without lawful authority:

> (1) He willfully threatens to physically injure the person or that person's child,
> sibling, spouse, or dependent or willfully threatens to damage the property of
> another; (2) The threat is communicated to the other person, orally, in writing, or
> by any other means; (3) The threat is made in a manner and under circumstances
> which would cause a reasonable person to believe that the threat is likely to be
> carried out; and (4) The person threatened believes that the threat will be carried
> out.

On May 10, 2007, Plaintiff spoke with Hyatt on speakerphone, with two witnesses present, and

threatened to beat up Hyatt.  (Doc. No. 58-9 at 2: Affidavit of Virginia Hyatt).  At the time

Plaintiff threatened Hyatt, Hyatt was aware of Plaintiff's violent propensities and believed he

would carry out his threat.  (Id.).

In his Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff

contends that Hyatt could not have been aware of his violent propensities because he had not

been convicted of a violent felony at the time of their telephone call. (Doc. No. 62 at 3). Notably, Plaintiff does not deny making the threatening statement to Hyatt. (Id.). Plaintiff states that "the lack of the 'violent record' as alluded to by Ms. Hyatt for probable cause purposes establishes a complete absence of cause for his arrest." (Id.). Plaintiff's reasoning, however, is faulty. Whether Plaintiff had a prior violent felony conviction is irrelevant. Hyatt was aware of Plaintiff's prior violence, regardless of whether he received a felony conviction for his actions, which made Hyatt believe that Plaintiff would carry out his violent threat against her. (Doc. No. 58-9 at 2: Affidavit of Virginia Hyatt) ("Indeed, I was aware that Mr. Buchanan spent several years on the run in an attempt to avoid arrest for a serious assault in Mitchell County."). It appears to this Court that Hyatt appeared before a neutral magistrate judge, presented evidence tending to show that Plaintiff had satisfied all of the requisite elements of a communicating threats charge, and obtained a valid arrest warrant based on sufficient probable cause.

Although Plaintiff contends that Defendants conspired to bring "false misdemeanor charges" against him, such a conclusory assertion is "insufficient to override the general rule that the securing of a valid warrant breaks the causal chain and insulates the officer from a section 1983 claim based on lack of probable cause for an arrest or prosecution." Polk v. Cathey, No. 3:09-cv-236-MU-02, 2009 WL 1756187, at *3 (W.D.N.C. June 17, 2009) (quoting Rhodes v. Smithers, 939 F. Supp. 1256, 1274 (S.D. W. Va. 1995)); see also Wadkins v. Arnold, 214 F.3d 535, 541 (4th Cir. 2000) (noting that the issuance of warrants by a neutral and detached magistrate "weigh[s] heavily *toward* a finding" that probable cause existed for an arrest) (emphasis in original). Here, Plaintiff was arrested pursuant to an arrest warrant for communicating threats, and the warrant was based upon a finding of probable cause by a neutral and detached magistrate.

6

Further, as Defendants note, when Swain County deputies apprehended Plaintiff on July 17, 2007, he was still wanted in Mitchell County for felonious assault inflicting serious bodily injury and felonious failure to appear, dating back to 2000 and 2002, respectively. Thus, in addition to the fact that probable cause existed for Plaintiff's arrest on the communicating threats charge, probable cause also existed for Plaintiff's arrest in Swain County based on the Mitchell County warrants. Therefore, Defendants are entitled to summary judgment on Plaintiff's false arrest claim. As Plaintiff's claim for wrongful imprisonment stems from his false arrest claim, (Doc. No. 1-1 at 3), Defendants are also entitled to summary judgment on Plaintiff's wrongful imprisonment claim.

## V.  CONCLUSION

For the reasons stated herein, Defendants Cochran and Hyatt are entitled to summary judgment on Plaintiff's claims against them for false arrest and wrongful imprisonment.

**IT IS, THEREFORE, ORDERED** that Defendants' motion for summary judgment, (Doc. No. 57), is **GRANTED**, and Plaintiff's action is dismissed with prejudice.

Robert J. Conrad, Jr.
Chief United States District Judge

Signed: January 31, 2012